## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

Case No. SACV 10-01936 DOC (MANx)                    Date: August 9, 2011

Title: RAYMOND PLOWS, ET AL. v. ROCKWELL COLLINS, INC.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|        Julie Barrera        |        Not Present        |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |

PROCEEDING (IN CHAMBERS): DENYING DEFENDANT'S MOTIONS TO COMPEL
ARBITRATION

   Before the Court are two Motions to Compel Arbitration and to Dismiss or, In the Alternative, Stay Proceedings filed by Defendant Rockwell Collins, Inc. in the above-captioned case ("Motions to Compel Arbitration") (Docket 29, 30). The court finds these matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After reviewing the moving, opposing and replying papers, the Court DENIES the Motions to Compel Arbitration in part and ORDERS further discovery on the remaining issues.

### I.  BACKGROUND

   Plaintiffs Michael Murphy ("Murphy") and Raymond Plows ("Plows") (Murphy and Plows referred to collectively as "Plaintiffs") are former employees of Defendant Rockwell Collins, Inc. ("Defendant"). Plaintiffs brought suit against Defendant asserting various violations of the California Labor Code as well as one cause of action for violation of California Business & Professions Code § 17200 *et. seq.* and one cause of action for enforcement of the California Private Attorneys General Act, or "PAGA." Plaintiffs sought to represent a class of similarly situated individuals in their suit against Defendant.

   The employment agreements signed by Plows and Murphy each contain provisions requiring the arbitration of disputes arising out the Plaintiffs' employment. Defendant, however, did not move to compel arbitration upon the filing of Plaintiffs' complaint. Instead, Defendant filed a

MINUTES FORM 11 DOC        Initials of Deputy Clerk: jcb
CIVIL - GEN             Page 1 of 7

motion to remove Plaintiffs' case, which was initially filed in state court, to the United States District Court for the Southern District of California, and later, to transfer venue to the Central District of California. Plaintiffs and Defendant then participated in a scheduling conference in federal court and proceeded to conduct discovery under the Federal Rules of Civil Procedure.

On April 27, 2011, the United States Supreme Court issued its decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). *Concepcion* struck down the rule established by the California Supreme Court in *Discover Bank v. Superior Court*, 26 Cal. 4th 148 (2005) – that class action waivers contained in certain types of consumer contracts are unconscionable – on the grounds that the rule was preempted by the Federal Arbitration Act ("FAA"). Citing *Concepcion*, Defendant now moves to compel arbitration of Plaintiffs' claims, nearly thirteen months after Plaintiffs' case was filed.

## II.    LEGAL STANDARD

The FAA, which provides that "a written provision in any . . . contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, applies to transactions involving interstate commerce, including employment agreements where the employment relationship involves interstate commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111-13 (2001). The Supreme Court has held that the FAA creates a strong federal policy in favor of arbitration. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (explaining that Congress enacted the FAA "to reverse the longstanding judicial hostility to arbitration agreements . . ."); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) (stating that in enacting the FAA, "Congress declared a national policy favoring arbitration"). Accordingly, in determining whether a specific claim is within the scope of an arbitration agreement, the court must liberally construe the agreement. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

## III.    DISCUSSION

The arbitration provisions contained in the employment agreements signed by Plaintiff Murphy and Plaintiff Plows differ in material respects. The Court accordingly discusses each Plaintiff separately in determining whether to grant Defendant's Motions to Compel Arbitration.

### a.    **Plaintiff Murphy**

The Court need not address the substance of Defendant's Motion to Compel Arbitration with respect to Plaintiff Murphy because the Court finds that Defendant has waived its right to force Mr. Murphy to submit to arbitration. To prove a waiver of a right to arbitrate, the party asserting the waiver must show that the party seeking to compel arbitration (1) had knowledge of an existing right to

compel arbitration, (2) has acted inconsistently with that existing right, and (3) has caused prejudice to the other side in so doing. *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). Here, Murphy has demonstrated all of these things.

## 1.      Knowledge of Existing Right to Compel Arbitration

Defendant had knowledge of its right to compel arbitration when Murphy's Complaint was filed approximately thirteen months ago. Knowledge of a contractual right to arbitrate is imputed to the contract's drafter. *See Hoffman v. Constr. Co. v. Active Erectors & Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992) ("It cannot be said that Active lacked knowledge of the right to compel arbitration. The contract itself called for arbitration of disputes . . . ."). As Defendant drafted the employment agreement containing the relevant arbitration clause, it is beyond dispute that Defendant knew of its right to seek arbitration. Defendant, however, contends that the arbitration clause in Murphy's employment agreement would have been unenforceable prior to the Supreme Court's decision in *Concepcion*, 131 S. Ct. 1740 (2011) under the pre-existing California Supreme Court cases of *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007) and *Discover Bank.* Defendant's argument fails.

*Concepcion, Gentry* and *Discover Bank* all deal with the enforceability of class action waivers. The arbitration clauses in Murphy's contract contains no class action ban. In the absence of such a ban, neither the *Gentry* nor *Discover Bank* rule automatically would have blocked Defendant's efforts to compel arbitration. By the same token, the Supreme Court's recent decision in *Concepcion* does not now automatically entitle Defendant to arbitration. To be sure, a motion to compel arbitration of any kind might prove easier post-*Concepcion*, given the *Concepcion* opinion's generally positive language about the enforceability of arbitration clauses and the dim view the Supreme Court seemed to take regarding state-law defenses to arbitration demands. But the fact that *Concepcion* might have made it easier for Defendant to persuade a court to compel arbitration does not mean that Defendant lacked knowledge of its potential right to pursue arbitration prior to the decision in that case.

## 2.      Acts Inconsistent With Arbitration

The Court next turns to the question of whether, between the filing of the Complaint and the filing of the instant motion, Defendant has behaved in a matter that is inconsistent with a demand for arbitration. The answer to this question is yes. In defending against Murphy's suit, Defendant has pursued discovery that would have been impermissible in arbitration. The arbitration proceedings described in Murphy's agreement provide for the following discovery only: the deposition of one individual and any expert witness designated by another party and the production of documents from the other side. Murphy Arbitration Agreement, § 2. Additional discovery is permitted only if the arbitrator deems it to be substantially necessary. *Id.* In the discovery process in the instant case, Defendant has not limited itself to the procedures listed in the arbitration agreement (nor has it been constrained by the requirement of justifying additional discovery with a demonstration of substantial need). Instead, Defendant has served numerous interrogatories and has subpoenaed Murphy's current employer in search of Murphy's employment record. Pursuit of such discovery, which exceeds the

bounds of the arbitration procedures described in Murphy's contract, conflicts with Defendant's demand to move the case to arbitration.

Defendant's discovery requests are not the only way that Defendant has availed itself of the court system.  Defendant has actively participated in the court litigation by (1) removing the case from state to federal court, (2) seeking and receiving a transfer of venue from the Southern District of California to the Central District of California, (3) participating in meetings and scheduling conferences to establish case management dates, and (4) negotiating and entering into a protective order signed by the Court.  Such active availment of the court system is inconsistent with a demand for arbitration.  *See Van Ness Townhouses*, 862 F.2d at 759 (holding that Defendant's delayed demand for arbitration following pleadings, motions and pre-trial conferences indicated a "conscious decision to seek judicial judgment on the merits of [the] arbitrable claims," and stating that "[t]his choice was inconsistent with the agreement to arbitrate such claims.").

### 3.     Prejudice

Finally, the Court finds that Murphy would suffer prejudice if Defendant's delayed motion for arbitration was granted.  Most importantly, Murphy has responded to discovery requests that exceeded the scope of his arbitration agreement.  If the case was now moved to arbitration, Defendant would have, in effect, circumvented the discovery limitations that the arbitration system described in Murphy's contract meant to impose.   In addition, the fact that Defendant waited more than a year to request arbitration means that Murphy has racked up thirteen months of legal fees defending a case in the court system.  Murphy presumably also has made different choices concerning the litigation strategy of the case than he would have made if he had known that the case was going to proceed in arbitration.  The prejudice prong of the waiver test is established.  *See Hoffman Construction Company*, 969 F.2d at 799 (finding that the "staleness of the claim, and more importantly, the subjection of [Plaintiff] to the litigation process in State Court, the discovery process, [and] the expense of litigation" resulted in prejudice).

Defendant has waived its right to demand that Mr. Murphy arbitrate his claims. Defendant's Motion to Compel Arbitration of Murphy's claims is DENIED.

### b.     Plaintiff Plows

### 1.     Waiver

By contrast, the Court concludes that Defendant has not waived its right to move for arbitration of Plaintiff Plows's claims.  Unlike the employment agreement signed by Plaintiff Murphy, the arbitration provision in Plows's employment contract contains a class action ban.  Plows's employment agreement thus arguably was among the type of agreements that the Supreme Court considered in *Concepcion*.  As such, Defendant reasonably could have believed that *Concepcion* altered the legal landscape surrounding the arbitration clause in Plows's contract and that, prior to the

*Concepcion* decision, the arbitration clause in Plows's employment agreement would have been deemed unenforceable.  Defendant moved to compel arbitration of Plows's claims promptly after the issuance of the *Concepcion* opinion.  Under these circumstances, the Court declines to find a waiver of Defendant's right to move for arbitration of Plows's claims.  The Court proceeds to evaluate the merits of Defendant's Motion to Compel Arbitration with respect to Plaintiff Plows.

### 2.      Merits of Motion to Compel Arbitration

Because the state of the law surrounding Plows's PAGA and non-PAGA claims is different, the Court analyzes the two species of claims distinctly.

### A.      Non-PAGA claims

Whether Defendant's Motion to Compel Arbitration of Plows's non-PAGA claims is to be granted depends largely on whether the California Supreme Court's decision in *Gentry* survives *Concepcion*.  Under *Gentry*, mandatory arbitration provisions in employment contracts are deemed unenforceable when the following four factors are present: (1) the potential for plaintiff's recovery is modest, (2) the potential for retaliation against members of a class is high, (3) there is a significant risk that class members are ill-informed about their rights, and (4) other real world obstacles would prevent the vindication of class members' rights through individual arbitration.  *Gentry*, 42 Cal. 4th at 463.  The Supreme Court did not mention *Gentry* in its *Concepcion* opinion; only the *Discover Bank* rule explicitly was deemed preempted by the FAA.  Defendant, however, argues that the *Gentry* rule, which post-dated the decision in *Discover Bank* and cited to *Discover Bank* fairly extensively, is an outgrowth of the *Discover Bank* rule and thus can no longer be considered valid.  Plaintiff responds by noting the differences between the *Discover Bank* and *Gentry* rules, including the fact that the former deals with consumer contracts while the latter deals with employment agreements and that the two cases set forth different criteria for determining whether to enforce a class action ban.

After the parties submitted their initial briefing on this matter, the California Court of Appeals issued its decision in *Brown v. Ralph's Grocery Company*, - - Cal. Rptr. 3d - - - (2011), 2011 WL 2685959 (2011), a *post-Concepcion* employer-employee case that deals with class action bans.  The trial court, relying on *Gentry*, had denied Ralph's motion to compel arbitration.  The California Court of Appeals reversed the trial court – but not on the grounds that *Gentry* had been overturned by *Concepcion*.  Rather, the Court of Appeals based its decision to reverse the trial court on its conclusion that the plaintiffs had not adduced sufficient evidence to show that the arbitration agreements were not enforceable under *Gentry*.  *Brown*, 2011 WL 2685959 at *3.  The case was remanded to the trial court with directions to conduct further discovery on whether the *Gentry* test was satisfied.  *Id.*  Because plaintiff's lack of evidence sufficed to necessitate remand, the Court of Appeals stated that it "d[id] not have to determine wither under [*Concepcion*] . . ., the rule in *Gentry* . . . concerning the invalidity of class action waivers in employee-employer contract disputes is preempted by the FAA."  *Id.*  The remainder of the *Brown* opinion, however, suggests that, if the California Court of Appeals had been required to resolve that question, it would have decided it in the negative.

First, the *Brown* opinion highlights the differences between *Discover Bank* and *Gentry*, citing *Arguelles-Romero v. Superior Court*, 184 Cal. App. 4th 825, 836 (2010) for the proposition that "*Discover Bank* is a rule about unconscionability, [whereas] the rule set forth in *Gentry* is concerned with the effect of a class action waiver on unwaivable rights *regardless of unconscionability*." *Id.* (emphasis in original). The California Court of Appeals goes on to state that *Concepcion* "specifically deals with the rule enunciated in *Discover Bank*," declining to adopt a broad interpretation of the Supreme Court's opinion. *Id.* at 5. Finally, Judge Kriegler, concurring in the *Brown* decision, notes that, although *Concepcion* may have called *Gentry*'s survival into doubt, "*Gentry* remains the binding law of this state which we must follow," until the California or United States Supreme Court rules otherwise. *Id.* at 8 (Krieger, J., concurring) (citing *Auto Equity Sales v. Superior Court*, 57 Cal. 2d 450, 455 (1962)).

Finding this reasoning persuasive, the Court holds that, for the purposes of the present Motion to Compel Arbitration, *Gentry* is valid law. Plows thus may avoid arbitration if he can demonstrate that his arbitration agreement is unenforceable under *Gentry*. As in *Brown*, however, the Court finds that there is insufficient evidence to determine whether the *Gentry* test is satisfied. This lack of evidence makes sense: the fact that Defendant did not move to compel arbitration until the filing of the instant motion means that there previously was no need to conduct discovery on this issue. Now that this need for information has arisen, however, the parties must be afforded an opportunity to gather the appropriate evidence.

The Court therefore ORDERS that the parties shall have four months from the date of this Order to conduct discovery on the enforceability of the Plows Arbitration Agreement. At the close of that discovery period, Defendant may renew its Motion to Compel Arbitration of Plows's non-PAGA claims by filing a renewed motion within twenty-one (21) days of the close of the discovery period.

## B.    PAGA Claims

Defendant's Motion to Compel Arbitration of Plows's PAGA claims must be denied. The California Court of Appeals, in *Brown*, comprehensively and persuasively discussed the reasons why class action waivers contained in arbitration agreements may not be used to divest plaintiffs of their right to bring representative actions under PAGA. Specifically, the Court of Appeals emphasized that "[t]he purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code." *Brown*, 2011 WL 2685959 at *6. Because "this purpose contrasts with the private individual right of a consumer to pursue class action remedies in court or arbitration" the Court of Appeals held that the *Concepcion* decision should not be construed as an indication that FAA preempts the California rule, established in *Franco v. Athens Disposal Co., Inc.*, 171 Cal. App. 4th 1277 (2009), refusing to recognize waivers of a plaintiff's right to serve as a PAGA representative. The instant Court agrees with the *Brown* court's reasoning.

Accordingly, Defendant's Motion to Compel Arbitration of Plows's PAGA claims is

DENIED.

## IV.    DISPOSITION

For the reasons examined above, Defendant's Motion to Compel Arbitration of Plaintiff Murphy's claims (Docket 29) is DENIED in its entirety.  Defendant's Motion to Compel Arbitration of Plaintiff Plows's claims (Docket 30) is DENIED with respect to Plows's cause of action under PAGA.

The Court ORDERS further discovery, in line with the procedures discussed above, on the question of whether the remainder of the Plows Arbitration Agreement is enforceable.  If, at the close of this discovery period, Defendant wishes to renew its Motion to Compel Arbitration of these claims, it must do so within twenty-one (21) days of the close of the discovery period.

The Clerk shall serve this minute order on all parties to the action.