Scott B. Cooper (State Bar No. 174520)
**THE COOPER LAW FIRM, P.C.**
2030 Main Street, Suite 1300
Irvine, California 92614
Telephone: (949) 724-9200
Facsimile: (949) 724-9255

Roger Carter (State Bar No. 140196)
**THE CARTER LAW FIRM**
2030 Main Street, Suite 1300
Irvine, California 92614
Telephone: (949) 260-4737
Facsimile: (949) 260-4754

Marc H. Phelps (State Bar No. 237036)
**THE PHELPS LAW GROUP**
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Telephone: (310) 492-4370
Facsimile: (310) 492-4371

Attorneys for Plaintiffs

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAYMOND PLOWS and MICHAEL S. MURPHY, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ROCKWELL COLLINS, INC., a Delaware Corporation; and DOES 1 through 100, Inclusive,

Defendants.

Case No. SACV 10-1936 DOC (MANx)

**JUDGMENT AND ORDER OF FINAL APPROVAL AND DISMISSAL**

Date: August 6, 2012
Time: 8:30 a.m.
Ctrm: 9D

The Court has received and considered the proposed Stipulation of Class Action Settlement (hereinafter the "Settlement Agreement")[1]; has previously granted preliminary approval of the class settlement that provided for conditional class certification; has been informed by declarations that notice of the settlement has been provided to the Class (as defined below); has held a fairness hearing at which all parties appeared by their Counsel and at which the Class Members were afforded the opportunity to object to the proposed settlement; has received and reviewed briefing and evidence as to why the proposed settlement is fair, adequate and in the best interests of the represented class; and has considered all other arguments and submissions in connection with the proposed settlement.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Solely for the purposes of effectuating the Settlement, the Court hereby certifies the a class defined as all Systems Engineers, Senior Systems Engineers and Principal Systems Engineers, Levels E1-E6, employed by Rockwell Collins within the State of California at any time during the period of June 18, 2006 through February 20, 2012 (the "Settlement Class" or "Class Members"). For the reasons stated in the Preliminary Approval Order, the Court finds that the Settlement Class meets the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23").

2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Settlement Class has been given proper and adequate notice of the Settlement Agreement and the Final Fairness Hearing, such notice having been carried out in accordance with the Preliminary Approval Order. The Notice and notice methodology implemented pursuant to the Settlement

[1] Undefined capitalized terms used herein have the same meaning ascribed to them in the Settlement Agreement.

Agreement and the Court's Preliminary Approval Order (a) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law. The parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

3. The Court hereby approves the Settlement as set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable and is hereby finally approved in all respects. The Court makes this finding based on a weighing of the strength of Plaintiff's claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Settlement Class and Defendants, after thorough factual and legal investigation. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, no Class Member objects to the Settlement. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. The Court also hereby finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Fed. R. Civ. P. 23.

4. The Motion for Final Approval is GRANTED, and the Settlement Agreement hereby is APPROVED as fair, reasonable, adequate to members of the Settlement Class, and in the public interest. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. The Class Administrator, Garden City Group, Inc., shall be paid $16,500, in accordance with the terms of the Settlement Agreement.

6. The Court hereby enters judgment approving the terms of the Settlement Agreement and ordering that the Lawsuit be dismissed on the merits with prejudice in accordance with the Settlement. The Complaint is dismissed on the merits with prejudice on a class-wide basis. This document shall constitute a final judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

7. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this action for the purpose of resolving any disputes that may arise as to the implementation of the monetary relief terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: August 6, 2012

David O. Carter

The Honorable David O. Carter
Judge, U.S. District Court for the
Central District of California